**AKERMAN LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone:   (213) 688-9500
Facsimile:    (213) 627-6342

**AKERMAN LLP**
DENNIS N. LUECK, JR. (SBN 292414)
Email: dennis.lueck@akerman.com
JAMIE Z. ROTH (SBN 265394)
Email: jamie.roth@akerman.com
1400 Wewatta Street, Ste. 500
Denver, Colorado 80202
Telephone:   (303) 260-7712
Facsimile:    (303) 260-7714

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| YOUNG K. MCLAUGHLIN, an individual, | Case No.:  SACV13-01653-JVS (RNBx) |
| Plaintiff, | Assigned to the Hon. James V. Selna |
| v. | **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FILED BY DEFENDANT NATIONSTAR MORTGAGE LLC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| NATIONSTAR MORTGAGE, LLC, a Delaware Limited Liability Company; and DOES 1-100, INCLUSIVE, | |
| Defendants. | |

Documents Filed Herewith:
1.      Request for Judicial Notice

Hearing Date:
Date:    April 28, 2014
Time:   1:30 p.m.
Crtrm:  10C

SAC Filed:            March 3, 2014
FAC Filed:            February 6, 2014
Complaint Filed:   September 26, 2013
Trial Date:            None

1  **TO THE COURT, ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

2      **PLEASE TAKE NOTICE** that on April 28, 2014 at 1:30 p.m., or as soon

3  thereafter as may be heard, in Courtroom 10C of the above-entitled Court located at

4  411 West Fourth Street, Santa Ana, California 92701, defendant Nationstar Mortgage

5  LLC (**Nationstar** or **defendant**), will and hereby does move this Court to dismiss

6  plaintiff Young K. McLaughlin's (**plaintiff**) second amended complaint (**SAC**) on the

7  grounds set forth herein.

8      This motion is made and based upon Fed.R.Civ.P. 12(b)(6), and is based on the

9  ground that plaintiff fails to state a claim upon which relief may be granted and the

10  SAC is barred as a matter of law against defendant.

11      This motion is based upon this notice, the attached memorandum of points and

12  authorities, and upon all papers and documents on file herein, the Court's files

13  concerning this action, together with those facts and documents of which the parties

14  request judicial notice and/or matters for which judicial notice is proper, as well as any

15  oral argument that may be presented at the time of the hearing.

16      Pursuant to L.R. 7-3, counsel for defendant attempted to confer with pro se

17  plaintiff on March 10, 2014 by sending an email to plaintiff discussing the merits of the

18  motion to dismiss.  To date, plaintiff has not responded.

19  Dated: March 17, 2014                    Respectfully submitted,

20                                           **AKERMAN LLP**

21

22                                           By: */s/ Jamie Z. Roth*
                                                 _____
23                                               Justin D. Balser
                                                 Jamie Z. Roth
24                                           Attorneys for Defendant
                                             NATIONSTAR MORTGAGE LLC

25

26

27

28

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF CONTENTS

I.    INTRODUCTION ......................................................................................... 1

II.   STATEMENT OF FACTS ............................................................................ 1

      A.    Plaintiff Defaults on Her Loan. .......................................................... 1

      B.    Nationstar Attempts to Help Plaintiff Avoid Foreclosure. ................ 2

      C.    Plaintiff's First Lawsuit Against Defendant and Continued Efforts to Obtain a Loan Modification. ............................................. 2

      D.    Nationstar Continues to Work with Plaintiff on a Potential Modification and Plaintiff Sues for a Second Time. ............................ 3

III.  LEGAL STANDARD ................................................................................... 4

IV.   ARGUMENT ................................................................................................ 5

      A.    Plaintiff's Fourth and Fifth Causes of Action are Improper ............. 5

      B.    Plaintiff's Individual Claims Fail ...................................................... 6

            1.    Plaintiff's Claim for Violation of the Homeowner Bill of Rights: California *Civil Code* Sections 2923.7(b) and (c) – Single Point of Contact – Fails ................................... 6

            2.    Plaintiff's Claim for Violation of the Homeowner Bill of Rights: California *Civil Code* Section 2923.6(c)(1) – Dual Tracking – Fails .......................................................... 7

            3.    Plaintiff's Claim for Negligent Misrepresentation Fails ................. 9

            4.    Plaintiff's Claim for Negligence Fails ........................................... 12

            5.    Plaintiff's Claim for Violation of California *Business & Professions* Code Section 17200 Fails ........................................ 13

V.    CONCLUSION ........................................................................................... 16

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{28256473;2}

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anderson v. Angelone*,
  86 F.3d 932 (9th Cir. 1996)................................................................4

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937 (2009) ...............................................................4, 11

*Azzini v. Countrywide Home Loans*,
  No. 09cv787 2009 WL 5218042 (S.D.Cal. Dec. 29, 2009)........................12

*Bell Atlantic v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955 (2007)................................................4

*Cel-Tech Comm. v. L.A. Cellular Tel. Co.*,
  20 Cal.4th 163 (1999) .............................................................13, 15

*Comm. on Children's Television, Inc. v. General Foods Corp.*,
  35 Cal.3d 197 (1983)..................................................................14

*Escobedo v. Countrywide Home Loans, Inc.*,
  No. 09CV1557 BTM (BLM), 2009 WL 4981618 (S.D.Cal. Dec. 15, 2009)............15

*Fin. Sec. Assurance, Inc. v. Stephens, Inc.*,
  450 F.3d 1257 (11th Cir. 2006).......................................................5

*Fox v. Pollack*,
  181 Cal.App.3d 954 (1986)...........................................................10

*FPCI RE-HAB 01 v. E & G Investments, Ltd.*,
  207 Cal. App. 3d 1018 (1989).......................................................13

*Hall v. Time, Inc.*,
  158 Cal.App.4th 847 (2008) .........................................................16

*Harris v. Wachovia Mortgage, FSB*
  185 Cal. App. 4th 1018, 1023 (2010) ................................................5

*Hersch v. State Bar of California*,
  7 Cal. 3d 241 (1972)..................................................................6

*Khoury v. Maly's of California*,
  14 Cal.App.4th 612 (1993) ..........................................................14

*Klamath Water Users Protective Ass'n v. Patterson*,
  204 F.3d 1206 (9th Cir. 2000).......................................................15

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005)........................................................4

*Livid Holdings, Ltd. v. Solomon Smith Barney, Inc.*,
  416 F.3d 940 (9th Cir. 2005).........................................................5

*Myers v. Philip Morris Companies, Inc.*,
  28 Cal. 4th 828 (2002) ...............................................................6

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Services Grp.*,
171 Cal.App.4th 35 (2009) ..............................................................................9, 15

*Nymark v. Heart Fed. Savings & Loan Assn.*,
231 Cal. App. 3d 1089 (1991)........................................................................12

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998)...........................................................................5

*Patrick v. Alacer Corp.*,
167 Cal. App. 4th 995 (2008) ..........................................................................5

*Phillips v. TLC Plumbing, Inc.*,
172 Cal.App.4th 1133 (2009) .........................................................................12

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001)...........................................................................4

*Tran v. Bank of America Corp.*,
No. 11cv2784 DMS (NLS), 2012 WL 837198 (S.D. Cal. Mar. 12, 2012) ...............15

*Walker v. Countrywide Home Loans*,
98 Cal.App.4th 1158 (2002) ...........................................................................14

*Weber Living Trust v. Wells Fargo Bank, N.A.*,
No. 13-cv-00542-JST, 2013 WL 1196959 (N.D. Cal. March 25, 2013).....................6

*Western Mining Council v. Watt*,
643 F.2d 618 (9th Cir. 1981)...........................................................................4

*Wigod v. Wells Fargo Bank, N.A.*,
673 F.3d 547 (7th Cir. 2012)..........................................................................15

*Wong v. Am. Servicing Co.*,
No. 09-cv-1506, 2009 WL 5113516 (E.D.Cal. Dec. 17, 2009)................................13

**Statutes**

*Business & Professions Code* § 17200 ................................................................ passim

*Business & Professions Code* § 17204 ....................................................................15

*Business & Professions Code* §§ 17200, *et seq*.......................................................13

*Civil Code* § 1559 ...............................................................................................15

*Civil Code* § 2923.6 .............................................................................................8

*Civil Code* § 2923.6(c)........................................................................................7, 8

*Civil Code* § 2923.6(c)(1) ....................................................................................7, 14

*Civil Code* § 2923.7 ............................................................................................6, 7

*Civil Code* § 2923.7(b).........................................................................................6

*Civil Code* § 2923.7(c).........................................................................................6

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Civil Code* § 2924.6(d)..............................................................................................8

*Civil Code* § 2924g(c)(1) ........................................................................................8

**Other Authorities**
California Jurisprudence 3d, Statutes § 27 (Thompson Reuter 2012) ...........................6

**Rules**
Federal Rules of Civil Procedure 12 (b)(6) ...........................................................4, 5

Federal Rules of Civil Procedure 9(b) ........................................................................9

**AKERMAN LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   INTRODUCTION

In her second lawsuit against Nationstar, plaintiff alleges violations of California's Homeowners Bill of Rights (**HBOR**) and that defendant negligently misrepresented to her the foreclosure status of her loan.  Plaintiff also improperly alleges additional causes of action for negligence and violations of California *Business & Professions Code* section 17200 without leave to amend.  Her claims fail for numerous reasons.

Plaintiff's claims against Nationstar for violation of the HBOR fail because plaintiff received a single point of contact (**SPOC**) from Nationstar as required and was provided a direct means of communication to the SPOC—through Nationstar's attorney.  There was no dual tracking violation because although plaintiff was reviewed and denied <u>multiple</u> times, Nationstar did not advance foreclosure while a complete loan modification application was pending, or while an appeal of the loan modification decision was pending.  Plaintiff's negligent misrepresentation claim fails because it does not meet the heightened pleading standard, and there is nothing false about the representations at issue.  In addition to the fact plaintiff did not have leave to allege new causes of action, her negligence claim fails as Nationstar owes no duty to plaintiff, and her *Business & Professions Code* section 17200 claims fails because Nationstar has not engaged in any unlawful, unfair, or deceptive acts.

For these reasons, as more fully set forth below, defendant respectfully requests that the Court dismiss plaintiff's SAC in its entirety and with prejudice.

## II.   STATEMENT OF FACTS

### A.   Plaintiff Defaults on Her Loan.

On January 29, 2007, plaintiff obtained a loan in the amount of $787,450.00 from SCME Mortgage Bankers, Inc. to refinance her property located at 104 Spanish Lace, Irvine, California 92620.  (Request for Judicial Notice (**RJN**), Ex. 1.)  Shortly thereafter, plaintiff began having trouble making her mortgage payments and defaulted

on the loan. (SAC, ¶ 10). On April 21, 2009, Quality Loan Services Corporation (**Quality**), agent for the beneficiary, recorded a notice of default stating plaintiff owed approximately $11,047.38 on her loan. (RJN, Ex. 2). A substitution of trustee, substituting Quality as trustee under plaintiff's deed of trust, was recorded on June 3, 2009. (RJN, Ex. 3). Subsequently, a notice of trustee's sale on June 17, 2010 which indicated plaintiff had an unpaid balance of $915,807.10. (RJN, Ex. 4).

### B.     Nationstar Attempts to Help Plaintiff Avoid Foreclosure.

On July 1, 2012, the beneficial interest under the deed of trust was assigned to Nationstar via a corporate assignment of deed of trust. (SAC, ¶ 9, Exs. A, B). Effective that same day, Nationstar began servicing plaintiff's loan. (SAC, Ex. A). Nationstar worked with plaintiff to determine whether she could qualify for various loss mitigation options. (SAC, ¶ 12). Plaintiff's loan modification was denied under Nationstar's Cap Modification Program. (SAC, ¶ 25). Plaintiff then asked to again be reviewed, although she did not qualify. (SAC, ¶ 28). In October 2012, she again submitted documents to Nationstar. (SAC, ¶ 29).

Plaintiff alleges she called Nationstar on January 10, 2013 to follow up on her modification application and was advised it was pending. (SAC, ¶ 33). Plaintiff alleges Nationstar thereafter advanced the foreclosure by scheduling, but not recording notice of, a trustee's sale with a sale date of March 14, 2013. (SAC, ¶ 34, Ex. D).

### C.     Plaintiff's First Lawsuit Against Defendant and Continued Efforts to Obtain a Loan Modification.

Meanwhile, on December 7, 2012, plaintiff commenced her first lawsuit against Nationstar in the Superior Court of California for the County of Orange. (SAC, ¶ 32). Nationstar then demurred to plaintiff's complaint, and the Court sustained the demurrer in its entirety with twenty days leave to amend. (RJN, Ex. 5). Plaintiff filed her amended complaint on March 28, 2013. (RJN, Ex. 6). Defendant's demurrer to plaintiff's amended complaint was sustained without leave to amend in part as to her first cause of action for breach of oral contract, and with twenty one days leave to

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

amend as to the remaining claims. (RJN, Ex. 7). Plaintiff then filed for voluntary dismissal on August 1, 2013. (SAC, ¶ 49).

In April 2013, Nationstar again offered to review plaintiff for a loan modification. Plaintiff alleges she submitted the financial documents necessary for the review to Nationstar's attorneys[1] on June 24, 2013. (SAC, ¶ 46). Plaintiff's loan modification was again denied for insufficient income in August 2013. (SAC, ¶ 51).

### D.    Nationstar Continues to Work with Plaintiff on a Potential Modification and Plaintiff Sues for a Second Time.

After plaintiff dismissed her lawsuit and her loan modification was denied (*id.*), Nationstar again contacted plaintiff to discuss potential loss mitigation options. Plaintiff was offered to appeal the denial of her loan modification. (SAC, ¶ 52). Plaintiff, however, suffered some sort of minor accident and apparently did not submit the requested documents. (SAC, ¶ 54). A third notice of trustee's sale was recorded on September 17, 2013. (SAC, Ex. L).

Shortly thereafter plaintiff filed the instant lawsuit. In her complaint plaintiff purports to state five causes of action against defendants: (**1**) violation of the HBOR (Single Point of Contact); (**2**) violation of the HBOR (Dual Tracking); (**3**) negligent misrepresentation; (**4**) negligence; and (**5**) violation of *Business & Professions Code* section 17200. Plaintiff obtained a temporary restraining order in the Superior Court before this matter was removed to this Court.

After the sale was postponed for more than three years, during which time plaintiff was offered three forbearance agreements, and reviewed for a possible modification at least 5 times, the property was eventually sold on December 2, 2013. (RJN, Ex. 8). Unfortunately, plaintiff was unable to qualify for a modification due to her loan balance, her failure to submit papers and her inability to make the required payments. (SAC, ¶¶ 25, 53). Because plaintiff's claims lack merits, defendant now

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

---

[1] Because plaintiff sued Nationstar, her continued loan modification negotiations were facilitated through Nationstar's counsel, Akerman.

{28256473;2}

1   moves to dismiss.

## III.   LEGAL STANDARD

"A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. In considering a Rule 12 (b)(6) motion, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

The Supreme Court reviewed the standard for a pre-answer motion to dismiss in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). It explained that a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949. This means that "naked assertions devoid of further factual enhancement" no longer suffice to state a claim. *Id.* (internal quotation omitted). What is more, the facts actually pled must give rise to a plausible claim for relief. *Id.* A formulaic recitation of the elements, because of its conclusory nature, is disentitled to a presumption of truth. *Id.* at 1951.

In general, the court may not consider material other than the facts alleged in the complaint when deciding a motion to dismiss. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996) ("A motion to dismiss ... must be treated as a motion for summary judgment ... if either party ... submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials."). However, the court may consider extrinsic documents when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Fin. Sec. Assurance,*

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Inc. v. Stephens, Inc.*, 450 F.3d 1257, 1264 (11th Cir. 2006) ("This court recognizes an exception, however, in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss."). This exception is designed to "[p]revent [ ] plaintiffs from surviving a Rule 12 (b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

Dismissal with prejudice is proper if "it is clear that the complaint could not be saved by any amendment." *Livid Holdings, Ltd. v. Solomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

## IV.   ARGUMENT

### A.   Plaintiff's Fourth and Fifth Causes of Action are Improper

Plaintiff has added two new causes of action without the Court's approval as these causes of action go beyond the limited leave to amend given to plaintiff at the last motion to dismiss hearing. The only claims plaintiff asserted against Nationstar in the original complaint were for violation of the HBOR and negligent misrepresentation. The Court granted Nationstar's motion to dismiss with leave to amend to allow plaintiff a further opportunity to fix the pleading deficiencies in ***those*** claims only. And the law is clear "[f]ollowing an order [dismissing a complaint] . . , the plaintiff may amend his or her complaint only as authorized by the court's order. The plaintiff may not amend the complaint to add a new cause of action without having obtained permission to do so, unless the new cause of action is within the scope of the order granting leave to amend." *Harris v. Wachovia Mortgage, FSB*, 185 Cal. App. 4th 1018, 1023 (2010); *see also Patrick v. Alacer Corp.*, 167 Cal. App. 4th 995, 1015 (2008). In direct contradiction of these long standing principles, plaintiff's SAC now adds additional causes of action for negligence and violation of California *Business & Professions Code* section 17200. These two causes of action should be dismissed outright.

Notwithstanding the fact that the additional causes of action are impermissible,

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

as more fully explained below in Section IV. B. 4-5, they also fail to state a claim as they are each poorly and incurably pled.

### B. Plaintiff's Individual Claims Fail

#### 1. Plaintiff's Claim for Violation of the Homeowner Bill of Rights: California *Civil Code* Sections 2923.7.(b) and (c) – Single Point of Contact – Fails

Plaintiff alleges Nationstar violated California *Civil Code* section 2923.7 by providing a handful of single points of contact, "all who shared the common characteristic of being unable to give plaintiff a straight response to anything regarding her loan or make any progress on workout options." (SAC, ¶ 71).

At the outset, this claim cannot be supported by any allegations regarding Nationstar's conduct that took place prior to January 1, 2013. The HBOR was, as plaintiff admits, implemented as of January 1, 2013. (SAC, ¶ 70). Until the time that the new laws and amendments become effective, they have no force or application. *Hersch v. State Bar of California*, 7 Cal. 3d 241, 245 (1972); *see* California Jurisprudence 3d, Statutes § 27 (Thompson Reuter 2012) ("Until the time when it is to take effect, a statute has no force for any purpose though it has been duly passed by the legislature and approved by the Governor. It speaks only from the date when it takes effect."). "Like federal courts, 'California courts comply with the legal principle that unless there is an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature … must have intended a retroactive application.'… The CHBR does not state that it has retroactive effect," therefore, it does not apply to actions that allegedly occurred before January 1, 2013. *Weber Living Trust v. Wells Fargo Bank, N.A.,* No. 13-cv-00542-JST, 2013 WL 1196959 *4, (N.D. Cal. March 25, 2013) citing *Myers v. Philip Morris Companies*, *Inc.*, 28 Cal. 4th 828, 841 (2002).

Plaintiff alleges on January 10, 2013 she requested a SPOC. (SAC, ¶ 33). She then describes eight instances where she called her assigned SPOC at Nationstar and

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   was unable to gather any information.  (SAC, ¶¶ 38-41, 45, 47, 48, 72-76).  What

2   plaintiff fails to acknowledge is during all times she attempted to contact the SPOC at

3   Nationstar, Nationstar and plaintiff were engaged in active litigation.[2]  *Civil Code*

4   section 2923.7 simply requires the servicer to establish a SPOC and provide the

5   borrower *one or more* direct means of communication with the SPOC.  Although

6   Akerman was not designated as plaintiff's SPOC, as that term is referred to under the

7   HBOR, the direct means of communication to plaintiff's SPOCs was through counsel

8   of record.  This is evident from plaintiff's pleading alone: she alleges she spoke with a

9   number of Nationstar's attorneys.  (SAC, ¶¶ 37, 50).  Plaintiff does not allege

10  Nationstar's counsel was not knowledgeable about the status of her loan modification

11  nor does she allege counsel of record was unreachable.

> ### 2.  Plaintiff's Claim for Violation of the Homeowner Bill of Rights: California *Civil Code* Section 2923.6(c)(1) – Dual Tracking – Fails

15  Plaintiff alleges Nationstar violated *Civil Code* section 2923.6(c)(1) by engaging

16  in dual tracking.  Plaintiff's own allegations and judicially noticeable documents

17  confirm Nationstar did not violate this code section. Section 2923.6(c) provides that if a

18  borrower submits a "complete" application for a first lien loan modification offered by

19  or through the borrower's mortgage servicer, the mortgage servicer shall not record a

20  notice of default or a notice of sale, or conduct a trustee's sale while the application is

21  pending.  *Civ. Code* § 2923.6(c).  As a threshold matter, plaintiff's allegations relating

22  to plaintiff's interactions with Nationstar before January 1, 2013, can state no claim for

23  violation of the HBOR for the reasons explained above in Section B.1.

24  Turning to the applicable time period, the first purported dual tracking violation

25  occurred in the early spring of 2013 when Nationstar allegedly moved forward with

26  foreclosure by scheduling, but not recording, a notice of trustee's sale with a sale date

---

[2] Plaintiff's first complaint was filed on December 7, 2012 and dismissed on August 1, 2013. (RJN, Ex. 6).

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

of March 14, 2013. (SAC, ¶ 87). Plaintiff alleges she spoke with *Ricardo* on January 10, 2013 and was informed no sale date would be scheduled while her modification was pending. (SAC, ¶ 86). However, she acknowledges on August 19, 2013, she received a letter informing her the loan modification application was denied. (SAC, ¶¶ 51, 52; Ex. I). Plaintiff does not allege that between January 10, 2013 and August 19, 2013, a notice of sale <u>was recorded</u>. This is because a notice of sale was not recorded until September 17, 2013. (SAC, Ex. L).

In a creative, yet inaccurate, twist, plaintiff now alleges section 2923.6(c) was violated because a notice of sale was not required to be recorded pursuant to section 2924g(c)(1). (SAC, ¶ 88). In short, plaintiff is attempting to use section 2924g(c)(1) to impose liability under section 2923.6. Section 2923.6, however, is clear: it prohibits the servicer from <u>recording</u> a notice of sale if a complete loan modification application is pending. Nationstar did not record a notice of sale while the loan modification application was pending, therefore, there was no violation.

The second purported violation occurred several months later. Plaintiff alleges she received a letter from *Zac Lee* dated August 2, 2013 informing her if she wished to appeal the denial of the loan modification, she needed to provide written evidence of the basis for the appeal within 30 days. (SAC, ¶ 98, Ex. H). *Civil Code* section 2924.6(d) provides if a borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the denial to appeal and to provide evidence that the mortgage servicer's determination was in error. Plaintiff alleges she faxed "her intent to appeal" to Nationstar on August 29, 2013 and on August 30, 2013. (SAC, ¶ 98).[3] Plaintiff does not allege she sent Nationstar written evidence of the basis for the appeal, specifically, why the denial was in error. In fact, plaintiff acknowledges she suffered a "minor accident" and was unable to submit the

---

[3] In her original complaint, plaintiff alleges she was offered another opportunity to apply for a loan modification but failed to submit a complete application. (Compl., ¶¶ 57-58). Now, she alleges she submitted an "intent to appeal" the denial. (SAC, ¶ 98). Plaintiff fails to provide any explanation for this discrepancy.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  requested documents.  (Compl., ¶¶ 58-59; SAC, ¶ 62).

2       Plaintiff admits she knew she had 30 days from August 2, 2013 to submit a

3  complete appeal (SAC, Ex. H), but acknowledges that as of September 4, 2013,

4  Nationstar did not have a complete application for the appeal.  (SAC, ¶ 60).  Because

5  the notice of trustee's sale was recorded on September 17, 2013, after the 30 day appeal

6  period had expired, plaintiff's allegations of dual tracking fail.

7                  **3.       Plaintiff's Claim for Negligent Misrepresentation Fails**

8       To support her third cause of action for negligent misrepresentation, plaintiff

9  alleges certain representatives of Nationstar (*Ricardo* and *Jasmine Jones*) made

10  misrepresentations to her that the property would not be foreclosed upon during the

11  pendency of the workout/modification discussions.  (SAC, ¶ 104).  She also alleges

12  *Matt Pederson* and Nationstar's counsel, *Stefanie Schiff*, made representations that

13  plaintiff would qualify for a CAP modification.   (SAC, ¶ 106).   The negligent

14  misrepresentation claim fails to satisfy the particularity requirements of Rule 9(b).

15       The elements of negligent misrepresentation are (1) the misrepresentation of a

16  past or existing material fact, (2) without reasonable ground for believing it to be true,

17  (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable

18  reliance on the misrepresentation, and (5) resulting damage.  *National Union Fire Ins.*

19  *Co. of Pittsburgh, PA v. Cambridge Integrated Services Group*, 171 Cal.App.4th 35, 50

20  (2009).  This claim fails because plaintiff has not identified a misrepresentation and has

21  not alleged justifiable reliance.

22                                  **a.       No Misrepresentation**

23       Plaintiff has not alleged a misrepresentation actually exists. She alleges she

24  spoke with *Ricardo* on January 10, 2013 and was informed no sale date would be

25  scheduled while her modification was pending.   (SAC, ¶ 30).   However, she

26  acknowledges on August 19, 2013, she received a letter informing her the loan

27  modification application was denied. (SAC, ¶¶ 51, 52; Ex. I).  Plaintiff does not allege

28  that between January 10, 2013 and August 19, 2013, a notice of sale was recorded or

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    that her home was actually foreclosed.  This is because a notice of sale was not
2    recorded until September 17, 2013 and the property was not foreclosed until December
3    2, 2013.  (SAC, Ex. L; RJN, Ex. 8).  Thus, no misrepresentation exists.  Regardless, to
4    support a claim for negligent misrepresentation, the alleged misrepresentation must
5    concern a past or existing fact.  *E.g.*, *Fox v. Pollack*, 181 Cal.App.3d 954, 962 (1986).
6    Here, the representation that no sale date would be scheduled in the future is not a
7    representation regarding a past or existing fact.  It is, at best, an illusory promise
8    regarding a future event.

9        Plaintiff also alleges she spoke with *Jasmine Jones* on September 4, 2013 and
10   was informed the property would not be foreclosed as long as her appeal and her
11   updated financials were submitted to Nationstar for review.  (SAC, ¶ 60).  Plaintiff has
12   acknowledged she did not submit a complete loan modification package.  In fact,
13   plaintiff acknowledges she suffered a "minor accident" on September 8, 2013 and was
14   unable to submit the requested documents.  (Compl., ¶¶ 58-59; SAC, ¶ 62).  As a result,
15   Nationstar was not obligated to halt the foreclosure sale pending an additional
16   modification review.  Nor does plaintiff allege she actually submitted an appeal of the
17   loan modification denial; she simply alleges she informed Nationstar of her "intent to
18   appeal" and her "interest in appeal."  (SAC, ¶ 65, 98).[4]  Plaintiff admits she knew she
19   had 30 days from August 2, 2013 to submit a complete appeal (SAC, Ex. H), but
20   acknowledges that as of September 4, 2013, Nationstar did not have a complete
21   application for the appeal.  (SAC, ¶ 60).  Regardless, plaintiff's property was not
22   foreclosed until December 2, 2013, long after she knew her loan modification
23   application had been denied.[5]  Finally, just like the first alleged misrepresentation, this
24   alleged representation does not concern a past or existing fact, but rather a statement

25       [4]  The allegations in the SAC involve plaintiff's "intent to appeal" the decision on her loan
26   modification.  These allegations are contradictory to those in the original complaint wherein plaintiff
     alleged she was offered "another opportunity to apply for a temporary loan modification."  (Compl.,
27   ¶ 57).  Plaintiff offers no explanation for these contradictory allegations.

         [5]  Clearly, plaintiff was aware of the denial by virtue of the fact she filed a complaint against
28   Nationstar on December 7, 2012, alleging Nationstar wrongfully denied her for a loan modification.
     The property was not sold until well after the litigation had been initiated.

{28256473;2}

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

regarding a future event.  This alleged misrepresentation cannot form the basis for a negligent misrepresentation claim.

With respect to the alleged misrepresentation that plaintiff would qualify for a CAP modification (SAC, ¶ 106), plaintiff's own allegations belie this contention. Specifically, plaintiff alleges "Matt Pederson informed [her] that Nationstar had its own 'in-house' loan modification program and he urged her to apply for it…" (SAC, ¶ 17). On its face, this is not a representation that plaintiff would qualify for a CAP modification.  The alleged representation made by Matt Pederson that plaintiff "would definitely find a program that would help her save her home" (SAC, ¶ 18) is also not a representation that plaintiff would qualify for a CAP modification.  Nor are plaintiff's allegations regarding the representations made by Stefanie Schiff truly representations that she would qualify for a CAP modification.  (*See* SAC, ¶ 43).  In fact, the letter attached to the complaint clearly and unambiguously states plaintiff *may* qualify for a CAP modification.  (SAC, Ex. F).  Plaintiff has not identified an actual representations made by Nationstar that she would qualify for a CAP modification.

### b.    No Justifiable Reliance

To support this cause of action, plaintiff alleges she relied on the "misrepresentation" to her detriment by "refraining from seeking alternative financing for the Note, capital to retire the note, or legal counsel."  (SAC, ¶ 105).  Plaintiff's pleading is unacceptably thin.  She merely recites these elements in a conclusory manner, which is insufficient to state a cause of action.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *See Iqbal*, 129 S.Ct. at 1951.

Plaintiff alleges as a result of the alleged misrepresentations made in January and September of 2013, she suffered damages, presumably related to the sale of her home, which took place in December of 2013.  (SAC, ¶¶ 105, 107; RJN, Ex. 8).  Plaintiff also alleges she was aware she was not going to receive a modification at the time she received the notice of trustee's sale on September 17, 2013.  (SAC, ¶ 66).  Any reliance

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

on the alleged misrepresentations following plaintiff's receipt of the notice of trustee's sale was clearly not justified.  At any point from September 17 to December 2, 2013, plaintiff could have sought alternative financing to reinstate the loan or hired legal counsel—she chose not to.  In fact, it appears plaintiff did not rely on these representations as she filed this suit against Nationstar on September 26, 2013.

For the reasons discussed above, plaintiff's negligent misrepresentation claim should be dismissed with prejudice.

### 4.    Plaintiff's Claim for Negligence Fails

Plaintiff alleges, without any support, that Nationstar, as a lender and/or loan servicer, owed her a duty to exercise reasonable care and skill to maintain proper and accurate loan records; to discharge and fulfill the other incidents attending to the maintenance, accounting and servicing loan records; to exercise reasonable care and skill to identify solutions (such as loan modifications) for borrowers who do not have the capacity to make their contractual payments on the loan; and to exercise reasonable care and skill to collect documentation from the borrower, and to evaluate whether the borrower meets the criteria for the identified solution to avoid foreclosure.  (SAC, ¶¶ 109-110).

Plaintiff has failed to allege any basis to find Nationstar, as a loan servicer, owed her a duty.  Nor can she because the law is clear that absent very limited circumstances not present here, a loan servicer owes no duty of care to a borrower.

The elements of a negligence cause of action are (1) duty, (2) breach, (3) causation, and (4) damages.  *E.g.*, *Phillips v. TLC Plumbing, Inc.*, 172 Cal.App.4th 1133, 1139 (2009).  "As a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991). This principle has been extended to loan servicers, like Nationstar, as well.  *E.g.*, *Azzini v. Countrywide Home Loans*, No. 09cv787 2009 WL 5218042, at *2 (S.D.Cal. Dec. 29, 2009); *Wong v. Am.*

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   *Servicing Co*.,  No. 09-cv-1506, 2009 WL 5113516, at * 5-6 (E.D.Cal. Dec. 17, 2009).

2   Plaintiff alleges Nationstar owed her a duty but fails to explain the basis of this duty.

3   (SAC, ¶¶ 109-110).

4      Regardless of the fact Nationstar owes plaintiff no duty, plaintiff has not alleged

5   she suffered damage as a result of the alleged breach of the nonexistent duty.

6   Specifically, plaintiff alleges Nationstar breached the duties owed to her by advising

7   plaintiff to apply for two separate CAP modification programs.  (SAC, ¶¶ 111-113).

8   She has failed to identify how she was damaged by being instructed to apply for these

9   programs, or actually applying for them.

10      Moreover, without the ability to pay the entire debt owed, a plaintiff suffers no

11   damage from a completed foreclosure sale.  See *FPCI RE-HAB 01 v. E & G*

12   *Investments, Ltd*., 207 Cal. App. 3d 1018, 1022 (1989) ("The rationale behind [the

13   tender rule] is that if plaintiffs could not have redeemed the property [i.e., paid the full

14   loan amount] had the sale procedures been proper, any irregularities in the sale did not

15   result in damages to the plaintiffs.").  Plaintiff has not alleged her ability to tender the

16   full amount of the debt.  Plaintiff's negligence claim fails and should be dismissed with

17   prejudice.

18      **5.   Plaintiff's Claim for Violation of California *Business &**

19   ***Professions* Code Section 17200 Fails**

20      Plaintiff alleges Nationstar engaged in acts of unfair competition in violation of

21   *Business & Professions Code* section 17200 by: (1) failing to review plaintiff's loan

22   modification appeal requests in good faith; and (2) by violating the Making Home

23   Affordable (HAMP) guidelines.  (SAC, ¶ 117(A)).

24      *Business & Professions Code* §§ 17200, *et seq*., (**UCL**) makes actionable any

25   "unlawful, unfair or fraudulent business practice."  The statute establishes three forms

26   of unfair competition: (1) unlawful, (2) unfair, or (3) deceptive or fraudulent.  *Cel-Tech*

27   *Comm. v. L.A. Cellular Tel. Co.,* 20 Cal.4th 163, 180 (1999).  A business practice is

28   "unlawful" if it is "forbidden by law."  *Walker v. Countrywide Home Loans*, 98

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Cal.App.4th 1158, 1169 (2002). A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive, or unscrupulous and causes injury to consumers which outweighs its benefits. *Id.* at 1170. To show that a business practice is deceptive, a plaintiff must show that members of the public are likely to be deceived. *Walker,* 98 Cal.App.4th at 1170 (*citing Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 209, 211 (1983)). Facts supporting a UCL claim must be pled with reasonable particularity. *Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619 (1993).

Here, this cause of action is not plead with the required particularity. Plaintiff has not explained what is manifestly unfair about Nationstar recording a notice of trustee's sale on September 13, 2013, more than 30 days after plaintiff's deadline to appeal the denial of the loan modification. (*See* SAC, Ex. H, L). Plaintiff alleges she was informed on August 2, 2013 she had 30 days to appeal the denial of her loan modification by providing "written evidence of the basis for the appeal." (SAC, Ex. H). Plaintiff does not allege she submitted written evidence of the basis for the appeal, but rather alleges she notified Nationstar of her "intent to appeal." (SAC, ¶¶ 98, 100). This is not sufficient. *Civil Code* section 2923.6(c)(1) provides a loan servicer shall not record a notice of trustee's sale until the mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period has expired. The period to provide Nationstar with written evidence to support her appeal expired on September 2, 2013.

To the extent plaintiff's UCL claim is predicated on Nationstar's HAMP obligations, plaintiff cannot enforce requirements of the HAMP program because she is not a party to the Servicer Participation Agreement. Nor is an alleged violation of the SPA an "unlawful" act. In proscribing any "unlawful" business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that are actionable as unfair competition. *Cel-Tech Comm. v. L.A. Cellular Tel. Co.*, 20 Cal.4th

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

163, 180 (1999). A violation of the SPA is not a violation of a "law" for purposes of this section.

"Parties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206 (9th Cir. 2000) (internal citations omitted). "California law permits third party beneficiaries to enforce the terms of a contract made for their benefit. *Civ. Code* § 1559. However, "[t]he fact that . . . the contract, if carried out to its terms, would inure to the third party's benefit is insufficient to entitle him or her to demand enforcement." Rather, "[i]t must appear to have been the intention of the parties to secure to him personally the benefit of its provisions." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Group, Inc*., 171 Cal.App.4th 35 (2009) (internal citations omitted).

The majority of federal courts that have considered the question of borrower enforcement of HAMP have held homeowners are not intended third-party beneficiaries. *See Wigod v. Wells Fargo Bank, N.A*., 673 F.3d 547, 559, fn.4 (citing cases) (7th Cir. 2012); *Tran v. Bank of America Corp.*, No. 11cv2784 DMS (NLS), 2012 WL 837198 (S.D. Cal. Mar. 12, 2012); *Escobedo v. Countrywide Home Loans, Inc.*, No. 09CV1557 BTM (BLM), 2009 WL 4981618, at *3 (S.D.Cal. Dec. 15, 2009). In addition, courts have pointed out that HAMP agreements do not require lenders to modify eligible loans, but only to *consider* eligible loans. *See, e.g.*, *Escobedo*, *supra*. Plaintiff's UCL claim based on loan servicing is nothing more than an improper attempt to enforce HAMP guidelines, and thus cannot form the basis of her UCL claim.

Finally, to bring a UCL claim, a plaintiff must have suffered a personal injury-in-fact and have lost money or property as a result of the allegedly illegal act. *Business & Professions Code* section 17204 states, in pertinent part, that claims by individuals may be brought by "any person who has suffered injury in fact and has lost money or property as a result of the unfair competition." The second part of the phrase, "as a result of," imposes a causation requirement. *Hall v. Time, Inc.*, 158 Cal.App.4th 847,

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{28256473;2}

855 (2008).   Injury-in-fact is present in the following circumstances: (a) when the plaintiff expended money due to defendant's unfair competition, (b) when plaintiff lost money or property, or (c) when plaintiff had been denied money to which he was entitled.  *Id*. at 854-55 (collecting cases).

Plaintiff did not lose money or property as a result of any of Nationstar's alleged actions.  Even if Nationstar had violated the PSA, or had failed to review her loan modification appeal in a good faith, that is not the reason her property was foreclosed. Rather, she lost her property because she was unable to make her mortgage payments. (*See* SAC, ¶ 10).  In fact, plaintiff's loss of the property to foreclosure sale would imply that the lenders have lost money, not the plaintiff.  Such pleading is not sufficient to establish the *Hall* requirements.  Therefore, the complaint fails to establish plaintiff's standing to sue under the UCL.

## V.   CONCLUSION

For the foregoing reasons, defendant respectfully requests the Court dismiss plaintiff's second amended complaint in its entirety, with prejudice.

Dated: March 17, 2014

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Jamie Z. Roth*
Justin D. Balser
Jamie Z. Roth
Attorneys for Defendant
NATIONSTAR MORTGAGE LLC

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**PROOF OF SERVICE**

I am employed in the City and County of Denver, State of Colorado.  I am over the age of 18 and not a party to the within action.  My business address is 1400 Wewatta Street, Suite 500, Denver, Colorado 80202.

On March 17, 2014, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FILED BY DEFENDANT NATIONSTAR MORTGAGE LLC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Young K. McLaughlin
104 Spanish Lace
Irvine, CA 92620
Telephone:  (714) 501-9278
*Pro Se Plaintiff*

☐   (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Denver, Colorado.

☒   (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐   (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service.  A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐   (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{28256473;2}

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **March 17, 2014**, at Denver, Colorado.

| | |
|---|---|
| Brooke Nicholson | */s/ Brooke Nicholson* |
| (Type or print name) | (Signature) |

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342